**Ardeth C. FINLEY, Jr., Plaintiff–**
**Appellant,**

v.

**Diana Stacy DENSFORD; Pamela Sue Mckie; John Schultz; Steven Niehaus; Joseph Bamberger, Judge; St. Joseph Orphanage; John G. Wright; Elizabeth Shaw; Franklin Jewel; Elizabeth Myerscough; David E. Spenard; Perry T. Ryan; Terry Vannarsdale, Defendants–Appellees.**

**No. 03–5997.**

United States Court of Appeals,
Sixth Circuit.

March 17, 2004.

Ardeth C. Finley, Jr., West Liberty, KY, pro se.

Before ROGERS and COOK, Circuit Judges; and SCHWARZER, District Judge.*

---

\* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

## ORDER

Ardeth C. Finley, Jr., a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, Finley was convicted of two counts of first-degree sodomy committed against his sons. He was sentenced to 50 years in prison for each count, to be served consecutively. In his complaint, Finley claims that the named defendants, all involved in his criminal prosecution, 1) maliciously prosecuted him, and 2) violated his rights under the United States Constitution, specifically, the Fifth, Sixth, and Fourteenth Amendments. He seeks monetary relief. The district court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) in light of the holding in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). This appeal followed.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). Upon review, we conclude that the district court properly dismissed Finley's complaint because Finley's complaint is barred by *Heck*. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.* at 487; *see also Preiser v. Rodriguez*, 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

As Finley's conviction has not been invalidated, any ruling on Finley's arguments would call into question the validity of his conviction. Thus, the district court did not err in dismissing Finley's civil rights complaint. *Heck*, 512 U.S. at 486–87.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.